**Central Coast Bankruptcy, Inc.**
**Jason Vogelpohl #252407**
**Aaron B. Lipton, Esq. #267329**
532 Pajaro Street
Salinas, CA, 93901
831.783.0260 – Telephone
831.585.1024 – Facsimile

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

GONZALES, Francisco Zambrano

SANCHEZ, Hilda Cuevas

    Debtor(s)

_____/

Chapter 13
Case No. 10-62345 MEH

**MEMORANDUM OF POINTS AND AUTHORITIES REGARDING AVOIDANCE OF LIEN PURSUANT TO 11 U.S.C. 506**

STATEMENT OF FACTS

    Debtor's Chapter 13 Plan (doc. no. 7) was confirmed on February 8, 2011 (doc. no. 14). That plan provides that:

> The Debtors will file a motion to value collateral and avoid the lien of Chase regarding the Home Equity Line of Credit (Account Number: 1001000000000670666163). The Trustee shall make disbursements to said creditors pursuant to section 2(d).

Doc. no. 14, p. 2. A motion to modify the plan, doc. no. 20, was granted, but did not modify the plan in a way meaningful to the motion to avoid lien. Debtors' plan vests the property of the estate in the Debtors.

//

//

1

Case: 10-62345   Doc# 65   Filed: 09/10/15   Entered: 09/10/15 11:26:43   Page 1 of 4

On October 7, 2013, the Motion to Avoid Lien authorized in the Chapter 13 Plan was filed (doc. no. 37). No objection was filed. However, neither a default nor an order was entered. On May 28, 2015, the Court reopened Debtors' case and vacated the discharge (Order of Motion to Reopen Chapter 13 Bankruptcy Case, Vacate Discharge, and Reappoint Devin Derham-Burk As Trustee, doc. no. 57). On July 2, 2015, a declaration and request for entry of default was filed (doc. no. 60).

The Court issued a directive that Counsel for Debtor file supplemental evidence relating to the priority of the encumbrances, and a supplemental brief regarding avoiding a lien-post confirmation after property had revested in the Debtor.

## REQUEST TO TAKE JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence Debtors that this Court take judicial notice of the contents of the Court's own file in the instant Chapter 13 case as follows:

1. The secured claim of Ocwen Loan Servicing, 9-1, in the amount of $507,372.50, encumbering real property known as 2492 Orchard Court, Soquel, California, with a Deed of Trust recorded in the official records of Santa Cruz County, on December 15, 2004 (p. 11).

2. The secured claim of J.P. Morgan Chase Bank, N.A., claim no. 8-1, encumbering real property known as 2492 Orchard Court, Soquel, California, secured with a deed of trust recorded on October 20, 2005 as instrument 2005-0074106 (see p. 4).

//

//

2

## POINTS AND AUTHORITIES

Debtors confirmed Chapter 13 plan explicitly permits Debtor to file a motion to avoid a lien post-confirmation, and the "provisions of a confirmed plan bind the debtor and each creditor"11 U.S.C. § 1327(a). Therefore, pursuant to the Court's order confirming Debtors' plan, Debtors are permitted to avoid the subject lien, regardless of the vesting of property. The motion is proper under the terms of the plan, and should be granted.

Fed. R. Bankr. Proc. 3012- Valuation of Security, states that "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." However, the Rule does not indicate when the Court must make that determination.

The "Guidelines for Valuing and Avoiding Liens In Individual Chapter 11 Cases and Chapter 13 Cases," issued September 9, 2010, states that "Because a motion to strip lien is in aid of the confirmation of the plan and works through the confirmation of the plan, the motion must be resolved before the plan is confirmed." However, the local guidelines do not indicate that such a motion is barred by the bankruptcy code after filing, or that the motion to avoid can only function if the property has not vested in the Debtor.

Debtors' motion is based on valuations at the time of filing, *when the bankruptcy estate existed.* 11 U.S.C. § 541. As such, the motion seeks to act based on the rights and interests of the bankruptcy estate, not Debtor's personal interests in property, post-confirmation. Therefore, the motion is proper and should be granted.

Case: 10-62345    Doc# 65    Filed: 09/10/15    Entered: 09/10/15 11:26:43    Page 3 of 4

## CONCLUSION

Therefore, for the reasons stated above, the Court should enter an order GRANTING Debtor's motion.

Executed at Salinas, California on September 10, 2015.

                                          By /s/ Jason Vogelpohl #252407
                                              JASON VOGELPOHL, Esq.
                                              Attorney for Debtor(s)